UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05891-AYP Date: October 15, 2026

Title Bernarlinda Nazaret Centeno Rodriguez v. Joshua Johnson et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | None |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 6, 2026, Bernarlinda Nazaret Centeno Rodriguez (A#246-600-691) (“Petitioner”), a nineteen-year-old noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1 (“Petition”).) Petitioner seeks her immediate release on the grounds that ICE violated her constitutional procedural due process and statutory rights by unlawfully detaining her without first providing adequate pre-detention notice and process.

On October 6, 2026, Petitioner consented to proceed before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On October 6, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 7 (“General Order 26-05”).) This expedited briefing schedule is designed to “provide prompt resolution to habeas petitions” and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) The General Order also requires Respondents to file a notice of withdrawal of consent within 3 days of service of the petition, or within 24 hours of service if an application for a temporary restraining order accompanies the petition. (General Order 26-05 at 2.) To date, Respondents have not filed a timely withdrawal of consent, an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05891-AYP Date: October 15, 2026

Title Bernarlinda Nazaret Centeno Rodriguez v. Joshua Johnson et al

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions she was subject to before her current detention.

Petitioner, a noncitizen, entered the United States January 1, 2023, and was paroled by Department of Homeland Security ("DHS") on January 2, 2023. (Pet. at 7.) DHS's regulations authorize parole only for noncitizens who "present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). DHS determined that she was not a danger or flight risk and Petitioner has lived outside of immigration custody since January 2, 2023. *Id*. Upon her release, DHS did not serve Petitioner with a Notice to Appear. Instead, DHS issued her ICE Form G-56, directing her to report to her local ICE office within 60 days of release to continue her processing and to be considered for enrollment in an Alternatives to Detention program, and her Form I-385 likewise directed her, as a condition of parole, to report to an ICE office near her final destination within 60 days. *Id*. Petitioner reported to ICE as directed and did not miss a check-in. *Id*. at 8. Petitioner is currently enrolled in college at Los Angeles Trade-Technical College. *Id*. On January 26, 2024, Petitioner filed an affirmative application for asylum with U.S. Citizenship and Immigration Services ("USCIS"). *Id*. That application was pending at the time of her detention. *Id*. Petitioner has no criminal record and has not been arrested, charged with, or convicted of any offense in the United States or in any other country. *Id*.

Petitioner argues that her re-detention without notice or a pre-deprivation hearing violated her due process rights. *Id*. at 12. She has lived freely in the U.S. for three and a half years and argues Respondents did not lawfully terminate her parole. *Id*. at 13. Further, Petitioner argues that Respondents did not provide any written notice of a specific reason why she was detained, nor provide her with an opportunity to contest the reasons for detention. *Id*.

Petitioner has a protected due process interest in being released, as she has lived in this country for about three and a half years and was released by DHS on parole. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation

under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, she has complied with the terms of her release and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner has made a showing that she is entitled to relief on her procedural due process claim, and immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Bernarlinda Nazaret Centeno Rodriguez (A#246-600-691) from immigration custody immediately.

Respondents shall return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to her current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp